## Kelly v. Cheney and Cheney.

*Appeal from Chickasaw District Court — Thursday, April 20.*

The action was commenced by John Blunt, in Floyd county, who pending the action conveyed the land in controversy to the plaintiff, who was substituted as plaintiff and filed a substituted petition, alleging that Blake, Bigelow & Co., on the 27th day of October, 1860, recovered, in the United States district court, a judgment against Cheney & Brackett; and that the real estate described in the petition was sold on the 15th day of March, 1862, as the property of said Cheney & Brackett, at marshal's sale, on execution issued on said judgment, at which sale John Blunt became the purchaser; that said land not being redeemed he received a deed therefor from the marshal, on the 1st day of February, 1864, which was duly recorded in Floyd county, where the lands are situated, April 18, 1864; that on the 27th day of March, 1865, said Blunt conveyed the lands to the plaintiff. It is further averred that the defendants claim to have title to, and to be the owners of, the land in dispute, but the plaintiff avers that the lands belonged to Cheney & Brackett, and were bought and paid for with the means of said firm; that B. F. Cheney, one of said firm, colluded with defendants to defraud the firm creditors, and had the title conveyed to the defendants; that before said land was purchased, the firm was indebted to said Blake, Bigelow & Co., in the sum of $1,200, and to other persons in the sum of $15,000, and were in failing circumstances and unable to pay their debts, and that the defendants never paid any consideration for said land, but took the title thereto in fraud of the creditors of said firm, and of plaintiff. A decree is asked declaring these lands to have belonged to the firm of Cheney & Brackett, and held by the defendants in trust, and for a confirmation of the sale and title therein to the plaintiff.

The defendants answering admit the marshal's sale to Blunt and the conveyance by him to the plaintiff. They deny that Blunt paid any thing for the lands at the marshal's sale; deny that he acquired any interest therein by the sale and deed from the marshal, or that plaintiff acquired any interest by the conveyance to her by Blunt; deny that the lands were the property of Cheney and Brackett, or that either of them ever had any interest therein, or that the same were purchased or paid for with their means, and they deny all the allegations of collusion and fraud, and deny also that Cheney and Brackett were in failing circumstances or indebted to Blake, Bigelow & Co. The defendants also set up and claim title in themselves to the land in dispute. The venue was changed to Chickasaw county May 13, 1868.

The cause was referred to William McClintock, as referee, who, on the 9th day of February, filed his report dismissing plaintiff's petition. The report was confirmed by the district court and a decree entered accordingly, from which plaintiff appeals.

*Samuel Murdock* and *J. O. Crosby* for the appellant — *Pratt & Root* and *A. G. Chase* for the appellees.

MILLER, J.— The prominent and controlling allegations of plaintiff's petition are that the lands in question were purchased with the funds of the debtors and the title thereto taken in the name of appellees in fraud of creditors. The evidence upon this, the vital question in the case, is voluminous and the arguments of counsel exhaustive. We have carefully examined and considered both, and feel ourselves constrained to adopt the same conclusion reached by the referee and the district court.

An extended discussion of the evidence in the opinion is not called for, nor would any useful purpose be gained by so doing. Suffice it to say, that, on a careful examination of all the evidence in the case, we are not satisfied of the truth of the controverted allegations of the petition. The evidence, in our judgment, fails to establish the alleged facts, "that the lands in controversy belonged to Cheney & Brackett, or were bought and paid for with the means of said firm, or that B. F. Cheney, one of the members of the firm, colluded with defendants to defraud the firm creditors by having the title conveyed to the defendants." These, as before remarked, are the vital facts in the case. Upon them the case turns; and as before stated, the evidence failing to establish these allegations, the finding must be for defendants.

The decree of the district court is therefore

Affirmed.